IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF NEW MEXICO,

    Plaintiff,

vs.                                                                                                                                                                                                                          No. CR 19- 00764 JB

TONIANN SANDOVAL

    Defendant.

### MOTION TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL

    **COMES NOW** Martin Lopez III, P.C. (Martin Lopez, III), appointed counsel for Defendant Toniann Sandoval, and pursuant to the Sixth Amendment of the United States Constitution and the Criminal Justice Act, 18 U.S.C. § 3006 A, to respectfully request that this Honorable Court enter an Order allowing undersigned counsel to withdraw from the representation of the Defendant and substitute counsel from the Criminal Justice Act Panel, to represent the Defendant in all further proceedings. As grounds the following is stated:

    1. Ms. Sandoval and two co-defendants have been charged in an Indictment filed on March 13, 2019 with Counts 1-3, 5: Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Counts 4, 6: Possession with Intent to Distribute 5 Grams and More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and Aiding and Abetting in violation of 18 U.S.C. § 2. The alleged acts took place in Curry County, in the District of New Mexico on or about February 12, 2018. (Doc. No. 2). Ms. Sandoval was charged in Count 4 only.

    2. Undersigned counsel was appointed to represent the Defendant on April 11, 2019. (Doc. 13).

    3. Trial is presently scheduled for September 3, 2019. (Doc. No. 39). On August 21, 2019 undersigned counsel filed an Unopposed Motion to Continue Trial stating Defendants Sandoval and Gibson are in negotiations with the Government and require additional time to complete plea terms. (Doc. 45). Defendant Kosier entered his guilty plea the same day . (Doc. 50).

4. Appointed counsel addressed Ms. Sandoval's concerns to the best of his ability. A very beneficial plea offer was presented to Ms. Sandoval by the Government which was rejected. On August 28, 2019 appointed counsel met with Ms. Sandoval to further discuss continuing negotiations between appointed counsel and the Government. Rather than assure Ms. Sandoval of the progress made to resolve her case, it now appears as if there has been a complete breakdown in the communication between Ms. Sandoval and appointed counsel. Unfortunately, counsel's efforts have proven to be unsuccessful in resolving the conflict between Ms. Sandoval and appointed counsel. Moreover, immediately after yesterday's meeting with Ms. Sandoval she contacted CJA Resource Counsel Marc Robert requesting new counsel. Undersigned counsel has no objection to Ms. Sandoval's request.

5. Standards for the substitution of counsel are controlled by the Defendant's constitutional right to counsel which is protected by the Sixth Amendment of the Constitution. *United States v. Anderson*, 189 F.3d 121, 1210 (10th Cir. 1999). To warrant a substitution of counsel, the defendant must make a timely showing that good cause exists for the substitution of counsel based on an irreconcilable conflict which could lead to any apparently unjust verdict. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

6. Although a strategic disagreement between a defendant and her attorney is insufficient to demonstrate good cause for the substitution of counsel, substitution is nonetheless required when there has been a total breakdown in communication between the defendant and her court appointed counsel which prevents the preparation of an adequate defense. *United States v. Lott*, 310 F.3d 1231, 1249, *citing United States v. Doe #1,* 272 F.3d 116, 124 (2nd Cir. 2001), see also *United States v. Padilla,* 819 F.2d 952, 955 (10th Cir. 1987).

7. A complete breakdown in communication between an attorney and his client may give rise to a presumption of prejudice. *United States v. Cronic,* 466 U.S. 648, 658 (1984). This is so because a breakdown in communication between an attorney and his client can at times be so severe and disabling that even the most able counsel can be prevented from providing effective assistance.

*United States v. Soto-Hernandez,* 849 F.2d 1325, 1328 (10th Cir. 1988).

8. . In this case there is, indeed, a complete breakdown in the attorney-client communication between appointed counsel and Ms. Sandoval.  Therefore, substitution of counsel is necessary in order to safeguard Ms. Sandoval's Sixth Amendment right to the effective assistance of court-appointed counsel.  It is apparent from Ms. Sandoval's request for a substitution of counsel that appointed counsel can no longer function as the diligent and conscientious advocate which the Sixth Amendment demands.

9.  In addition, Ms. Sandoval's request for substitution of counsel has created a conflict of interest which requires the substitution of court-appointed counsel in order to safeguard Ms. Sandoval's interest at any evidentiary hearing on this Motion.

10.  Whenever the Defendant makes a sufficiently specific factual allegation in support of her request for new counsel, the District Court must hold a hearing on the Defendant's request. *United States v. Lott, supra,* 310 F.3d at p. 1249.  At this hearing the District Court should make a formal inquiry into the reasons for the Defendant's dissatisfaction with her present attorney. *Ibid.* Such a hearing is necessary because the District Court must determine if there is a severe and pervasive conflict between the Defendant and her appointed attorney which would justify the substitution of counsel.  *Ibid,* see also *United States v. Anderson, supra* 189 F.3d at 1210 (the District Court is under a duty to make a formal inquiry into the reasons for the Defendant's dissatisfaction with her present  attorney when substitution is requested.).

11. Nevertheless, a hearing in which defense counsel is called to account for his performance in the face of a defendant's claim of dissatisfaction places defense counsel in an irreconcilable conflict of interest between advocating his client's interests by advancing her claims of dissatisfaction and defending his own actions as a member of the bar and an officer of the court.  See, e.g., *United States v. Daugerdas,* 735 F.Supp.2d 113, 116 (S.D.N.Y. 2010) [no waiver of conflict where attorney's conflict jeopardizes the integrity of the judicial proceedings because of the attorney's own personal, financial or liberty interests].

12. As a result of the dispute between Ms. Sandoval and counsel, substitute counsel should be appointed to represent Ms. Sandoval.  Counsel respectfully submits that the failure to substitute counsel in this case will violate Ms. Sandoval's Sixth Amendment right to the effective assistance of court appointed counsel with whom she is dissatisfied, with whom she will not cooperate, and with whom she will not effectively communicate.  If Ms. Sandoval is forced to proceed further to a hearing to advance her claims of dissatisfaction with court-appointed counsel, she will also become embroiled in an active conflict of interest with her own attorney because Ms. Sandoval's court-appointed counsel will face an irreconcilable conflict of interest between advocating Ms. Sandoval's stated interests in seeking a new attorney and defending counsel's own actions on behalf of Ms. Sandoval, thereby depriving Ms. Sandoval of the effective assistance of counsel at a hearing on the Motion.  Cf.  *United States v. Soto-Hernandez, supra,* 849 F.3d at 1328, citing *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir. 1970).

13. Assistant U.S. Attorney Paul Mysliwiec, counsel of record for the United States, has been informed of this Motion to Withdraw and  for Substitution of Counsel and Mr. Mysliwiec represents that the Government takes no position on the motion.

**WHEREFORE**, for all of the foregoing reasons and due to an irreconcilable conflict of interest, appointed counsel for Ms. Sandoval respectfully requests that this Honorable Court allow his withdrawal and substitute counsel..

    Respectfully submitted,

    **MARTIN LOPEZ, III**
    A Professional Corporation


    <u>Electronically filed August 29, 2019</u>
    Martin Lopez, III
    Attorney for Defendant Sandoval
    1500 Mountain Rd. N. W.
    Albuquerque, New Mexico 87104
    Tele: (505) 243-2900

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that on the 29th of August, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the CM/ECF electronic filing to the Government to:

Paul Mysliwiec, AUSA
E-Mail: paul.mysliwiec@usdoj.gov

   **I FURTHER CERTIFY** that on this 29th day o**f** August, 2019 I also served a true and correct copy of the foregoing Defendant's Motion to Withdraw and for Substitution of Counsel on Defendant Toniann Sandoval by U.S. Mail addressed as follows:

Toniann Sandoval
Cibola County Correctional Center
P.O. Box 3540
Milan, New Mexico 87021


*/s/ Martin Lopez, III* (Electronically filed August 29, 2019)
Martin Lopez, III,
Attorney for Defendant Sandoval